IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS INDIANA

| | | |
|---|---|---|
| Heather Tait, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  1:19-cv-3555 |
| | ) | |
| Radius Global Solutions, LLC, a | ) | |
| Minnesota limited liability company, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Heather Tait, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3.  Plaintiff, Heather Tait ("Tait"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed for a Macy's credit card account.

4.  Defendant, Radius Global Solutions, LLC ("Radius"), is a Minnesota limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt

to collect, defaulted consumer debts, including defaulted consumer debts in the Southern District of Indiana. In fact, Radius was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Ms. Tait.

5. Defendant Radius is authorized to conduct business in the State of Indiana and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant Radius conducts business in Indiana.

6. Defendant Radius is licensed as a debt collection agency in the State of Indiana, see, record from NMLS Consumer Access, attached as Exhibit B. In fact, Defendant Radius acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7. Defendant Radius sent Ms. Tait an initial collection letter, dated July 8, 2019, and demanding payment of debt she allegedly owed for a defaulted Macy's credit card account. A copy of this letter is attached as Exhibit C.

8. As is her right under the FDCPA, Ms. Tait responded to Radius's collection attempt on July 17, 2019, with a letter from her attorney, which told Radius that she disputed the debt. A copy of this letter is attached as Exhibit D.

9. Without responding to the dispute, Defendant Radius sent another collection letter, dated August 12, 2019, directly to Ms. Tait, demanding payment of the Macy's debt. A copy of this letter is attached as Exhibit E.

10. Defendant's violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that she had the right to be represented by counsel and to dispute her debt, Defendant's collection letter made Plaintiff believe that she did not have the rights Congress had granted her under the

FDCPA. Moreover, Defendant's collection letter alarmed, confused and worried Ms. Tait.

11. All of Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

15. Defendant knew that Plaintiff was represented by counsel in connection with her debt because her attorney had given notice, in writing, to Defendant that Plaintiff was represented by counsel, and had directed a cessation of communications with her. By directly sending her a collection letter (Exhibit E), despite being advised that she was represented by counsel (Exhibit D), Defendant violated § 1692c(a)(2) of the FDCPA.

16. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692g(b) –
## Demanding Payment Of A Disputed Debt
## Without Providing Validation

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692g(b) of the FDCPA requires that a debt collector suspend its collection efforts if a consumer timely disputes the validity of a debt in writing, i.e. within 30 days after receiving notice of her verification rights, the consumer has the right to challenge the validity of the debt, or any portion of the debt, and seek verification of it.

19. Defendant Radius' July 8, 2019 letter provided notice that Ms. Tait had 30 days to dispute the debt, and her attorney's July 17, 2019 letter to Defendant timely gave notice of her dispute. Defendant did not provide any sort of verification of the debt, or respond in any way to that dispute, thus its August 12, 2019 letter, sent directly to Ms. Tait, violated § 1692g(b) of the FDCPA.

20. Defendant Radius' violation of § 1692g(b) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Heather Tait, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Tait, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Heather Tait, demand trial by jury.

                                      Heather Tait,

                                      By:/s/ David J. Philipps_____
                                      One of Plaintiff's Attorneys

Dated:  August 21, 2019

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

Steven J. Halbert     (Ind. Bar No. 14254-02)
9465 Counselors Row
Suite 200
Indianapolis, Indiana 46240
(317) 805-4717
(317) 732-7511 (FAX)
shalbertlaw@gmail.com